Jeffrey Trousdale (14814)
**COHNE KINGHORN, P.C.**
111 E. Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
E-mail: jtrousdale@ck.law

*Attorneys for* debtor-in-possession
Opulent Vacations, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br>**OPULENT VACATIONS, INC.,**<br>Debtor. | Bankruptcy No. No. 23-21941<br>Chapter 11<br>(Under Subchapter V)<br>Honorable Joel T. Marker |

# EX PARTE MOTION TO SET DEADLINES UNDER BANKRUPTCY RULE 3017.2

Opulent Vacations, Inc., debtor and debtor in possession (the "Debtor") in the above-captioned case (the "Case"), hereby moves this Court on an *ex parte* basis (the "Motion"), through counsel, for entry of an order approving necessary voting procedures and deadlines, including the establishment of a voting record date, the approval of solicitation procedures, approval of a form of ballot, and the establishment of a deadline for the voting on and filing of objections to confirmation of the *Debtor's Plan of Reorganization Dated October 25, 2023* (as it may be amended, the "Plan"). In support of the Motion, the Debtor respectfully states as follows:

## BACKGROUND

1. On May 15, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter v of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing bankruptcy case No. 23-21941 (the "Case").

2. The Debtor continues to manage its affairs and property as a debtor in possession pursuant to 11 U.S.C. §§ 1182 and 1184.

3. The Debtor has elected to proceed under Subchapter V of Chapter 11 of the Bankruptcy Code. Accordingly, this is a "Sub-V" case, and the provisions of Bankruptcy Code §§ 1181 – 1195 are applicable to this Case.

4. Consistent with Bankruptcy Code § 1183, a "small business" trustee, D. Ray Strong (the "Trustee"), is appointed in the Case.

## BACKGROUND RELEVANT TO THE MOTION

5. On October 25, 2023, the Debtor filed the Plan.

6. As contemplated by subchapter V of the Bankruptcy Code, the Debtor's goal is to achieve confirmation of its Plan as soon as possible. The Court has tentatively set a hearing date for confirmation of the Debtor's Plan for December 14, 2023, at 2:00 p.m.

7. Through this Motion, the Debtor asks the Court to approve certain procedures that will enable it to seek confirmation of its Plan.

## RELIEF REQUESTED

8. By this Motion, and pursuant to Bankruptcy Code §§ 105, 502, 1125, 1126, 1128 and 1189 and Federal Rules of Bankruptcy Procedure 2002, 3003, 3014, 3017.2, 3018 and 3020, the Debtor seeks entry of an Order: (a) approving the proposed solicitation procedures (including establishing, for voting purposes only, a record date for the holders of Claims); (b) approving the

form of ballots and balloting instructions; (d) establishing procedures for tabulating votes on the Plan; and (e) setting the date for the Confirmation Hearing (as defined below).

## SOLICITATION PROCEDURES

**A. Establishing Voting Record Date for the Holders of Claims.**

9. Bankruptcy Rule 3017.2(a), made applicable to subchapter V cases, requires that the Court "fix a time within which the holders of claims and interests may accept or reject a plan," and Bankruptcy Rule 3017.2(b) requires the Court to "fix a date on which an equity security holder or creditor whose claim is based on a security must be the holder of record of the security in order to be eligible to accept or reject the plan"—*i.e.*, the "record holder" date.

10. The Debtor requests that the "record holder" date (the "Record Date") for voting on the Debtor's Plan be established as October 30, 2023.[1]

**B. Effect of Record Date for the Holders of Claims.**

11. Pursuant to the Plan, certain holders of claims will be entitled to vote on the Plan (collectively, the "Voting Classes"). As a result of the Record Date, the Debtor proposes that only the following holders of Claims in the Voting Classes be entitled to vote with regard to such Claims (the "Voting Claims"): (a) the holders of filed proofs of claim as reflected, as of the close of business on the Record Date, on the official Claims Register maintained by the Clerk of this Court, that have not been objected to as of the Record Date; and (b) the holders of scheduled claims that are listed in the Debtor's Schedules as not contingent, unliquidated or disputed Claims (excluding scheduled Claims that have been superseded by a filed proof of claim); provided, however, that the assignee of a transferred and assigned claim (whether a filed or

[1] The establishment of this Record Date is for voting purposes only and shall have no preclusive effect with regard to who is entitled to receive distributions under the Plan. Creditors may file claims on or before the deadline to be set by the Court.

scheduled claim) shall be permitted to vote such claim <u>only</u> if evidence of the transfer and assignment has been filed with the Court by the assignee in accordance with Federal Rule of Bankruptcy Procedure 3001 as of the close of business on the Record Date.

12. The Debtor further proposes that holders of Claims shall not be permitted to vote on the Plan if their claims are subject to a pending objection on the Record Date or, with respect to transferred and assigned Claims, there is an objection to the transfer, filed in accordance with Federal Rule of Bankruptcy Procedure 3001, pending on the close of business on the Record Date.

13. The Debtor submits that the foregoing procedures are reasonable and should be approved.

**C. Form of Ballots.**

14. Bankruptcy Rule 3018(c) provides, in relevant part, as follows:

> *Form of Acceptance or Rejection*. An acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or authorized agent, and conform to the appropriate official form.

Fed. R. Bank. P. 3018(c).

15. The Debtor proposes to mail or email a ballot (with instructions), substantially in the form of the ballot (with instructions) attached hereto as Exhibit A (the "Ballots"), to each holder of a claim in the Voting Classes. The form of Ballots complies with Bankruptcy Rule 3018(c) and is based substantially on Official Form No. 14. The form of Ballots, however, was modified to address the particular needs of this case. Accordingly, the Debtor submits that the Ballots (and instructions) should be approved in all respects.

## D. Procedures for Solicitation of Votes.

16. Bankruptcy Rule 3017(d) sets forth the materials that are generally provided to holders of Claims for purposes of soliciting their votes on a plan of reorganization. As set forth above, only holders of Claims in the Voting Classes will be entitled to vote to accept or reject the Plan.

17. Bankruptcy Rule 3017.2(d) provides that "[i]n a case under subchapter V of chapter 11 in which § 1125 of the Code does not apply, the court shall . . . (d) fix a date for transmission of the plan, notice of the time within which the holders of claims and interests may accept or reject the plan, and notice of the date for hearing on confirmation."

18. The Debtor proposes that the date for transmission of the Plan and notice of the Plan be set as November 2, 2023 (the "Transmission Date").

19. On or before the Transmission Date, the Debtor proposes to mail or email, or cause to be mailed or emailed, solicitation packages (the "Solicitation Packages"), which will include the following:

a. Notice of the Confirmation Hearing and related matters (the "Notice"), setting forth the time fixed for filing acceptances and rejections to the Plan, the time fixed for filing objections to confirmation of the Plan, and the date and time of the Confirmation Hearing;

b. a copy of the Plan; and

c. a Ballot (with instructions), substantially in the form approved by the Court, to the holders of Voting Claims in impaired Classes.

20. The Debtor proposes to mail or email the Solicitation Packages to the holders of Voting Claims. The Debtor also requests approval of the form of Notice, which is attached as <u>Exhibit B</u> to the proposed order granting this Motion.

21. With respect to Owners and Guests, as those terms are used in the Plan, the Debtor will email the Solicitation Packages and request that votes be returned via email to Debtor's counsel.

**E. Voting Deadline for Receipt of Ballots.**

22. The Debtor intends to mail or email all Solicitation Packages on or before the Transmission Date. Pursuant to Bankruptcy Rule 3017.2(d), the Debtor proposes that, in order to be counted as votes to reject the Plan, all Ballots must be properly executed, completed and delivered to the Debtor by email, mail (in the return envelope provided with each Ballot, if mailed), by overnight mail, or by personal delivery, so that the Ballots are received by the undersigned counsel for the Debtor no later than 11:59 p.m. Mountain Time on December 4, 2023 (the "Voting Deadline").

**F. Tabulation Procedures for Holders of Claims.**

23. The Debtor proposes that, for purposes of voting, the amount of a claim used to tabulate acceptance or rejection of the Plan shall be the lesser of (i) the amount set forth on the Ballot for that particular creditor (creditors shall fill out the amount on their ballots), or (ii) one of the following:

a. the amount allowed by order of the Court;

b. the amount set forth as a claim in the Debtor's Schedules (as amended, as of the Record Holder Date) that is not listed as contingent, unliquidated or disputed (excluding scheduled Claims that have been superseded by filed Claims);

c. the amount set forth on a timely[2] filed proof of claim that is not subject to a pending objection and that has not been disallowed, disqualified, suspended, reduced or estimated and temporarily allowed for voting purposes prior to computation of the vote on the Plan; or

d. the amount estimated and temporarily allowed with respect to a Claim pursuant to an order of this Court.

24. Pursuant to Bankruptcy Code §§ 105 and 1126, the Debtor requests that the Court direct as follows with respect to all Ballots submitted by the holders of a Claim:

a. any Ballot that is properly completed, executed and timely returned to the Debtor that does not indicate an acceptance or rejection of the Plan shall be deemed a vote to accept the Plan;

b. any Ballot which is returned to the Debtor indicating acceptance or rejection of the Plan, but which is not signed, shall not be counted;

c. whenever a holder of a Claim casts more than one Ballot voting the same claim before the Voting Deadline, only the last timely Ballot received by the Debtor shall be counted; provided, however, that if the Debtor is unable to determine, after a good faith exercise of due diligence, which timely Ballot last was received, the Ballot accepting the Plan shall be counted;

d. each holder of a Claim shall be deemed to have voted the full amount of its Claim;

[2] A proof of claim is timely only if (a) it is filed on or before the applicable proof of claim deadline, or (b) if filed after the applicable bar date, on or before the Record Holder Date the Court has entered an order permitting the holder of the Claim to file a late-filed proof of claim.

e. each holder of any Claim shall be entitled to vote all of the Claims it holds, and shall be entitled to cast several Ballots, to be counted separately, in determining numerical voting count as to each Claim within a particular class;

f. Ballots may be submitted to the Debtor by email to both jtrousdale@ck.law and mparks@ck.law;

g. at any time until or during the hearing on confirmation of the Plan, the holder of any Claim who timely returned a Ballot rejecting the Plan may, in writing, amend its Ballot to accept the Plan, and such amendment shall be deemed to be made with "cause" under Rule 3018; and

h. if the holder of a Claim who timely returned a Ballot accepting the Plan seeks to amend its Ballot to reject the Plan after the Voting Deadline has passed, such holder must comply with Rule 3018 prior to being authorized to do so.

25. The Debtor submits that establishing the tabulation procedures set forth above is necessary to avert any confusion resulting from incompletely or inconsistently executed ballots and will simplify the voting and tabulation process.

**CONFIRMATION HEARING AND OBJECTION DEADLINE**

26. Pursuant to Bankruptcy Rule 2002, a plan proponent is required to give creditors and equity interest holders not less than 28 days' notice by mail of the time fixed for filing objections to, and the hearing on, confirmation of a plan of reorganization. The Debtor asks that the objection deadline to confirmation of the Plan be the same as the Voting Deadline, *i.e.*, December 4, 2023.

27. In order to avoid confusion regarding any objection to the Plan and the accompanying delay, the Debtor requests that the Court direct that any objections to the Plan be in writing, state the name and address of the objecting party, the amount of its claim or the nature of its interest, and the nature of the objection and the legal basis therefore, and be filed with and received by the Court, and served upon and received no later than the date set by the Court as the Voting Deadline, to (i) the Clerk, United States Bankruptcy Court, Room 301, United States Courthouse, 350 South Main Street, Salt Lake City, Utah 84101; (ii) counsel to the Debtor, Jeffrey Trousdale, Cohne Kinghorn, 111 East Broadway, 11th Floor, Salt Lake City, Utah 84111; (iii) the Office of the United States Trustee, 405 South Main Street, Suite 300, Salt Lake City, Utah 84111; and (iv) D. Ray Strong, Subchapter V Trustee, 201 South Main Street, Suite 450, Salt Lake City, Utah 84111.

28. Bankruptcy Rule 3017.2 requires the Court to set a date for the hearing for confirmation of the Plan. The Debtor asks that the Court set December 14, 2023, at 2:00 p.m. as the date and time for the hearing to determine confirmation of the Debtor's Plan.

WHEREFORE, the Debtor respectfully requests the Court to enter an Order granting the relief sought herein and for such other and further relief as is just.

Dated: October 25, 2023

**COHNE KINGHORN, P.C.**

/s/ Jeffrey Trousdale
JEFFREY TROUSDALE
Attorneys for the Debtor